UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BETHANIE VELASCO,<br>Plaintiff,<br>v.<br>CHEGG INC.,<br>Defendant. | CASE NO. 3:26-cv-05759-LK<br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendant Chegg, Inc.[1] to show cause why this case should not be remanded to Clark County Superior Court for lack of Article III jurisdiction.

## I. BACKGROUND

This case is a proposed class action against Defendant for allegedly sending emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"),

[1] Chegg contends that it was "improvidently named" in the complaint, and the proper defendant is Busuu Limited. Dkt. No. 1 at 1 n.1.

Wash. Rev. Code § 19.86. Dkt. No. 1-1 at 17–19. Plaintiff Bethanie Velasco complains that Defendant "sends consumers marketing emails to advertise an offer, promotion, or sale" and then "uses the subject lines of follow-up emails to present the promotional pricing as a scarce or time-limited opportunity." *Id.* at 8. She alleges that "once the originally advertised 'deadline' has passed, [Defendant] knowingly extends the same promotion to a new end date." *Id.* Plaintiff contends that such subject lines are false and misleading because it "compels consumers to purchase quickly while withholding terms that consumers need so they can make informed buying decisions." *Id.* Plaintiff seeks to represent a class of

> All Washington residents who, during the Class Period, received a commercial email sent by Defendant, on behalf of Defendant, or with Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal, or promotion.

*Id.* at 16. She seeks "an injunction against further violations" and "the greater of [her] actual damages or liquidated damages of $500 per violation, trebled" as well as "costs of the suit, including a reasonable attorney's fee." *Id.* at 19.

Plaintiff filed this suit in Clark County Superior Court on June 9, 2026. *Id.* at 2. Defendant timely removed this case to this Court, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1332(a). Dkt. No. 1 at 3–12. The Court stayed this case, vacated all deadlines, and deferred entry of a case schedule pending its determination of whether it has Article III jurisdiction over this case. Dkt. No. 17.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would

have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Defendant bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Plaintiff seeks statutory damages for each email sent in violation of CEMA, but does not identify any concrete injury. Dkt. No. 1-1 at 17–19. The Washington Supreme Court has held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). But "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). The Ninth Circuit has interpreted *TransUnion* to require a plaintiff claiming harm based on an intangible injury to show that she "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

It is not evident from the complaint or the notice of removal that Article III standing exists in this case.[2] Accordingly, Defendant is ordered to show cause why this case should not be remanded to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.").[3]

**III. CONCLUSION**

For the reasons stated above, Defendant is ORDERED TO SHOW CAUSE by no later than November 23, 2026 why this case should not be remanded to state court for lack of Article III jurisdiction. Plaintiff may file an optional reply by November 30, 2026. Each party's brief shall contain no more than 2,800 words. Alternatively, because the record before the Court does not indicate that Article III standing exists, the parties may stipulate to remand by November 23, 2026.

Dated this 9th day of November, 2026.

Lauren King
United States District Judge

---

[2] *See Samaduroff v. David Peyser Sportswear, Inc.*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (remanding CEMA/CPA case for lack of Article III standing); *Isbell v. Jonathan Adler Enterprises, LLC*, No. C25-2596-KKE, 2026 WL 2568556, at *2–3 (W.D. Wash. Aug. 31, 2026) (same); *Stutsman v. Sirius XM Radio, LLC*, No. 2:25-cv-1113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (same); *Rice v. Lucky Strike Ent. Corp.*, No. 2:25-CV-02467-LK, 2026 WL 2427407, at *2 (W.D. Wash. Aug. 19, 2026) (same); *Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026) (same); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *2–3 (W.D. Wash. July 31, 2026) (same); *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *3–4 (W.D. Wash. Mar. 30, 2026) (same); *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) (same); *see also Smith v. Lane Bryant Brands Opco LLC*, No. CV SAG-25-03766, 2026 WL 1745684, at *2 (D. Md. June 17, 2026) (same with respect to analogous Maryland law); *Carter v. Vineyard Vines, LLC*, No. CV ELH-25-3178, 2026 WL 1429258, at *14–26 (D. Md. May 21, 2026) (same with respect to analogous Maryland law).

[3] The Court notes that Defendant's attempt to conjure $75,000 as an amount in controversy based on attorney's fees alone is farcical. Dkt. No. 1 at 7; *see Wright v. BlueLinx Corp.*, No. 2:25-CV-01645-LK, 2025 WL 3771239, at *4 (W.D. Wash. Dec. 31, 2025) (collecting cases).